UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL CONRAD EVERSON JONES;
LORELTA E. LYNCH; STATE OF
LOUISIANA; STATE OF NEW YORK;
UNITED STATES OF AMERICA; AMERICA,

Plaintiffs,

-against-

UNITED STATES OF AMERICA, ET AL.,

Defendants.

25-CV-6150 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Paul Conrad Everson Jones, who is appearing *pro se*, brings this action on his own behalf and on behalf of former United States Attorney General Loretta Lynch, the State of Louisiana, the State of New York, the United States of America, and "America." (ECF 1, at 1.) Because Plaintiff Jones is the only plaintiff to have signed the complaint, the treats him as the sole plaintiff in this action. By order dated September 29, 2025, the Court granted Plaintiff Jones's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff Jones initiated this action by filing a document labeled "Emergency Declaration Statement [and] Complaint," which is captioned for the "Southern/Eastern District of New York[,] State of New York[,] City of New York[,] City of Bronx[.]" (ECF No. 1, at 1.) The Court construes this document as the complaint in this action. Plaintiff also filed a one-page document in which he suggests that he intends to file a "1) Motion to enjoin, transfer or

consolidate case[;] 2) Petition/demand for damages; 3) Petition/demand for temporary/permanent injunctions; 4) Motion for emergency relief; 5) Motion/petition to employ good faith act; 6) Motion for depositions; 7) Motion/petition for service of process; 8) Motion/petition to proceed in forma pauperis; 9) Motion/petition for declaratory relief; 10) Motion/petition for prosecutions; 11) Motion/petition for courts to act in a fiduciary jurisprudence/court consonant with constitution and adequate law and such other request and motions deemed just fair and proper by the court." (ECF No. 3, at 1.) That document includes no other text.

Plaintiff lists the United States of America and the "U.S. Government" as plaintiffs on the complaint's caption, and attaches a list in which he names dozens of additional defendants, including federal agencies, officials, and cabinet members from years dating back to 1993; former presidents; the justices of the Supreme Court; United States District Court judges; members various congressional committees; the governors of Florida, Mississippi, Louisiana, Alaska, and Oklahoma; and entertainers such as Ice Cube and 50 Cent; among many others. (*See* ECF No. 1, at 62-68.)

The following allegations are drawn from the complaint, which described a series of events, often involving private individuals, that Plaintiff asserts are part of a widespread government conspiracy.[1] On July 22, 2025, Plaintiff left his residence at the Ana's Place Men's Shelter and went to the nearby Gourmet Deli. At a gas station on his way to the deli, a Black male in an orange shirt and two "Spanish looking females" approached Plaintiff "attempting to start a confrontation." (ECF 1, at 1.) Plaintiff proceeded to the deli and made his purchases. As he exited the deli, Plaintiff was "immediately struck with closed fist by tall light skin male,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original complaint unless noted otherwise.

having braided hair wearing a orange shirt as well." (*Id.*) Plaintiff observed at least three other individuals present, including the individual with whom he had the altercation at the gas station. The other males "attempted to accuse [Plaintiff] of being involved in an unknown incident." (*Id.* at 2.) Plaintiff's sunglasses, slippers, cigarettes, and hat were "taken/damaged" in the incident. (*Id.*)

Plaintiff called 911 from Ana's Place. Two New York City Police Department ("NYPD") officers responded, "but began talking to [an] individual in [a] wheel chair while SBH Ambulance arrived as opposed to FDNY." (*Id.*) Plaintiff alleges,

> This is not an isolated incident. Incidents encountered throughout these months have been documented on constituent grievance forms, reported to HRA, reported to Project Renewal staff and mailed to Ms. Loretta E. Lynch in Manhattan, New York. Other incidents connected to recent incidents have been documented in detail in which were filed in the Middle District of Louisiana Court of Appeals, Federal Court of Appeals in Louisiana as well as filed with the United States Department of Justice along with other state departments.[2]

(*Id.*)

In another incident, on July 27, 2025, an individual at the shelter accused Plaintiff of stealing a cellphone, and "attempt[ed] to spread that 'rat jacket' known in Louisiana and became very violent toward [Plaintiff] in from of [New York City Department of Homeless Services] police and Project Renewal staff who took no action." (*Id.* at 4.)

Plaintiff alleges,

> The incidents that continue to occur lasting many years appear to be repetitive acts by separate individuals under one top authority issuing commands. The exercises, operations and investigations in name of 'war' could easily be linked to

---

[2] Public records maintained on Public Access to Court Electronic Records ("PACER") show that, on March 5, 2025, Plaintiff filed a similar complaint in the Middle District of Louisiana. *See Jones v. United States*, No. 3:25-CV-0186 (M.D. La.). In a Report and Recommendation dated March 26, 2025, Magistrate Judge Richard L. Bourgeois, Jr. recommended dismissing the complaint for lack of subject matter jurisdiction or, in the alternative, as frivolous and for failure to state a claim. *See id.*, ECF 14.

4

>Federal Bureau of Investigations, National Security Intelligence Teams and U.S. Army technology, strategies, equipment and personnel. . . .

(*Id.* at 3.)  Plaintiff asserts that "[t]hese incidents consist of assaults, insults, battery, murder attempts, denial of government benefits, wire tapping, espionage, defamation, prohibition from accessing courts, delaying justice, obstruction of justice, terrorism, hate crimes, hate speech and more crimes." (*Id.* at 4.)

Plaintiff continues to experience "incidents with unknown individuals appearing in places [abode]; even many demonstrating strange behavior, appearing suspicious and could be carried out but by federal authorities some of whom may be working under the radar." (*Id.*)

After Plaintiff filed an action in the Middle District of Louisiana, the Civil Rights Division of the United States Justice Department "have caused serious breaches, jeopardized safety and an increase in targetted events." (*Id.* at 6.)  Plaintiff has received complaints from family members in Louisiana "who . . . claim experiencing attacks from city police and unknown individuals," and Plaintiff was "the victim of burglary/breakin at one family dwelling during a visit." (*Id.*)

Plaintiff maintains that,

>[t]he federal government officials working with state have employed persons to operate devices, mechanisms and unknown equipment that severely intrudes upon a citizen's body and rights for purposes of deguising acts, infliction of pain, suffering and torment, etc. for stealing property, murder myself, track whereabouts, restrict liberty, conduct very intrusive surveillance, criticize, bring accusations, cause discomfort, be a nuisance and engage in all manner of evil devised by an evil mind.

(*Id.* at 7.)

Plaintiff attaches to the complaint an "Affidavit Statement" that contains additional allegations that are similar in style and substance to those in the complaint.  For example, on May 4, 2025, at a church, Plaintiff encountered two "younger" Black females and a male "with

5

the appearance of Iranian or foreign descent." (*Id.* at 11.)  The male told Plaintiff not to talk to the "little girl[s]" and began "swinging hastely toward" him." (*Id.*)  Plaintiff attributes this incident to the New York City Department of Homeless Services ("DHS") and its failure to train its police officers. He further alleges that "[t]here are terrorists within the D.H.S." (*Id.* at 12.)

Plaintiff attaches various documents to the complaint, including his medical records; grievance forms that he submitted to DHS; and a records request submitted to the East Feliciana, Louisiana, Sheriff's Department.

Plaintiff seeks $350 trillion in damages and various injunctive relief, including "abolish[ment]" of "federal/state government" and prosecution of "all involved in these acts including government officials." (*Id.* at 10.)

On November 5, 2025, Plaintiff filed an emergency motion to "enroll Paul, Weiss Civil Litigation Division as counsel" in this action (ECF 7), along with a 112-page affidavit and a 94-page affidavit (ECF 8, 9).

## DISCUSSION

**A.     Plaintiff's Claims Are Frivolous within the Meaning of the Law**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious.  28 U.S.C. §1915(e)(2)(B)(i).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'"  *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25

6

(1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Here, Plaintiff sues dozens of federal, state, and local officials, as well as private individuals, and seeks, among other things, abolishment of the government and criminal prosecutions. While some of the individual events described in the complaint are plausible – for example, Plaintiff's allegations that he was harassed and assaulted by private individuals – his legal claims are ultimately premised on his belief that he is the victim of a widespread multi-state conspiracy among state and federal officials and private individuals to violate his rights. A "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that he is the victim of a widespread government conspiracy. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be

7

dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**B.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies Plaintiff's request for *pro bono* counsel as moot. (ECF 7.) The Court directs the Clerk of Court to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge