UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL CONRAD EVERSON JONES;
LORELTA E. LYNCH; STATE OF
LOUISIANA; STATE OF NEW YORK;
UNITED STATES OF AMERICA; AMERICA,

                    Plaintiff,

              -against-

UNITED STATES OF AMERICA, ET AL.,

                    Defendants.

25-CV-6150 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Paul Conrad Everson Jones filed this action *pro se*.[1] By order dated November 10, 2025, the Court dismissed the complaint as frivolous. (ECF 10.) The Clerk of Court entered judgment on November 12, 2025. (ECF 11.) On December 12, 2025, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 12.) That appeal is currently pending. *See Jones v. United States*, No. 25-3157 (2d Cir.). On February 19, 2026, Plaintiff filed in this court a "Petition/Demand for Order of Restraint Cease and Desist/Protective Order." (ECF 15.) Plaintiff filed a second copy of the same document on February 20, 2026. (ECF 14.)

In his motion, Plaintiff alleges that the United States government has placed an unspecified "technology" on his "person and/or among [his] organs" that has surveilled his movements, caused various physical injuries, and "emitted . . . [v]oices of young white males, black females, those claiming to be FBI agents, militants and those employed by [the] CIA."

---

[1] Although Jones purports to being this action on behalf of multiple plaintiffs, he is the only plaintiff that signed the complaint.

(ECF 15, at 3.) Plaintiff seeks a "cease/desist and restraining order along with o[r]der of protection" against "the United States government, agents, employees, contractors, divisions, private entities and other citizens." (*Id.* at 4.)

Because this action is closed, the Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

### DISCUSSION

Because Plaintiff has filed a notice of appeal, and because his appeal is pending, the Court must address whether it has jurisdiction to consider his Rule 60(b) motion. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). A federal district court retains jurisdiction, however, to deny a Rule 60(b) motion while an appeal is pending. *See Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *see also Jin Zhao v. State Univ. of N.Y.*, 613 F. App'x 61, 62 (2d Cir. 2015) (summary order) ("[E]ven after an appeal is filed, a 'district court can entertain and *deny*' a Rule 60(b) motion." (citation omitted)).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) [of the Federal Rules of Civil Procedure]; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments and, even under a liberal interpretation of her motions, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6), the Court must also deny such relief. "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five [clauses]." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). A party seeking such relief must show both that her motion was filed within a "reasonable time," Fed. R. Civ. P. 60(c)(1), and "demonstrate 'extraordinary circumstances' justifying relief," *Honickman*, 605 U.S at 214. Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 14, 15) is denied. The Clerk of Court is directed to terminate all motions in this action

3

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 13, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge